IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**Ryland McKinney,** individually and on behalf of similarly situated persons,

        Plaintiff,

  v.

**City of Chicago**

        Defendant.

Case No. _____

**Jury Demanded**

## **COMPLAINT**

Now comes Plaintiff, Ryland McKinney ("Plaintiff"), individually and on behalf of all other similarly situated laborers, and brings this Complaint against the City of Chicago and alleges as follows:

    1.    The City of Chicago does not reimburse laborers for the reasonably approximate costs of the business use of their vehicles. Rather Defendant does not reimburse laborers at all for the vehicle expenses they began regularly incurring, since the Covid Pandemic, for driving to, between, and from locations during their shifts.

    2.    Prior to the Covid Pandemic, coordinators transported the City of Chicago laborers to, between, and from various work locations during their shifts.

    3.    However, since the Covid Pandemic, after arriving at work, laborers use their own vehicles to travel to, between, and from various work locations during their shifts.

    4.    Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* as a class action under Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("Illinois Wage Law") and as a class action under the Illinois Wage Payment and Collection Act 820 ILCS § 120/1 *et seq* to recover unpaid minimum wages and overtime hours and

unreimbursed expenses owed to himself and similarly situated laborers.

## I. JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

6. Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff is domiciled in this District, Defendant is domiciled in this District, Defendant employed Plaintiff in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## II. PARTIES

7. Defendant, City of Chicago, is a municipal corporation.

8. Plaintiff Ryland McKinney has been employed by Defendant from approximately June, 2006 to present as a laborer. Plaintiff's consent to pursue this claim under the FLSA is attached to this Complaint as "Exhibit 1."

## III. GENERAL ALLEGATIONS

### LEGAL STANDARDS APPLICABLE TO DEFENDANT'S EXPENSE REIMBURSEMENT VIOLATIONS

9. The FLSA prohibits any "kickback" of job-related expenses which would cut into the minimum wage or overtime otherwise required to be paid under the Act. Specifically, 29 C.F.R. § 531.35 provides:

> Whether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of

2

the Act in any workweek when the cost of such tools purchased by the employee cuts into the **minimum or overtime wages** required to be paid him under the Act. (emphasis added).

10. Laborers' vehicle expenses are tools of the trade. The vehicle expenses associated with travel to and from various worksites during the workday is a 'kickback' to the employer that must be fully reimbursed, lest a minimum wage and/or overtime violation be triggered.

11. The relevant regulation governing such "kickbacks" does not define a methodology for calculating mileage rates or provide any other guidance as to how to determine or put a value on the expenses related to operating an automobile for work. *See* 29 C.F.R. § 531.35. "In light of this ambiguity, Courts have adopted the methodology detailed in the Department of Labor's Field Operations Handbook. Based on the DOL Handbook, district courts and arbitrators repeatedly hold that drivers are owed the difference between the reimbursements provided and the IRS rate when the employer fails to keep records of their actual expenses. *Burton v. DRAS Partners, LLC,* No. 2019-CV-02949, 2019 WL 5550579, at *3 (N.D. Ill. Oct. 27, 2019)

Specifically, the DOL Handbook's rule is:

> **30c15 Car expenses: employee's use of personal car on employer's business.** In some cases it is necessary to determine the costs involved when employees use their cars on their employer's business in order to determine minimum wage compliance. For example, car expenses are frequently an issue for delivery drivers employed by pizza or other carry-out type restaurants.
>
> (a) As an enforcement policy, the IRS standard business mileage rate found in IRS Publication 917, "Business Use of a Car" may be used (in lieu of actual costs and associated recordkeeping) to determine or evaluate the employer's wage payment practices for FLSA purposes. The IRS standard business mileage rate (currently 28 cents per mile) represents depreciation, maintenance and repairs, gasoline (including taxes), oil, insurance, and vehicle registration fees. In situations where the IRS rate changes during the investigation period, the applicable rates should be applied on a prorate basis.

12. The Handbook standard gives employers a choice: either (1) keep records of actual expenses and reimburse for them or (2) reimburse at the IRS standard business mileage rate *Id.*

3

13. Defendant's laborers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while traveling to, between, and from worksites for the primary benefit of Defendant.

14. Defendant does not reimburse laborers at all for their vehicle expenses, so the Defendant is not meeting the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendant's laborers.

15. Defendant's reimbursement policy does not reimburse laborers for any costs they incur to own and operate their vehicle, and thus Defendant uniformly fails to reimburse its laborers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

16. Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages it pays to Plaintiff and Defendant's laborers are not paid free and clear of all outstanding obligations to Defendant.

17. Defendant fails to reasonably approximate the amount of their laborers' automobile expenses to such an extent that its laborers' net wages are diminished beneath the federal minimum wage requirements.

18. In sum, Defendant's reimbursement policy and methodology fail to reflect the realities of laborers' automobile expenses by failing to reimburse at all for the laborers' automobile expenses.

**IV. CLASS AND COLLECTIVE ACTION ALLEGATIONS**

19. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated laborers pursuant to 29 U.S.C. § 216(b).

20. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

21. Plaintiff, individually and on behalf of other similarly situated employees, seeks

4

relief on a collective basis challenging Defendant's practice of failing to pay employees in accordance with the FLSA. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential class members may be notified of the pendency of this action via mail and electronic means.

22. Plaintiff and all of Defendant's laborers are similarly situated in that:

   a. They have worked as laborers for Defendant;
   b. They have used automobiles not owned or maintained by Defendant during their shifts;
   c. They incurred costs for automobile expenses while laboring for the primary benefit of Defendant;
   d. They were subject to similar driving conditions, automobile expenses, distances, and frequencies;
   e. They were subject to the same pay policies and practices of Defendant's;
   f. They were subject to the same reimbursement policy that fails to reimburse automobile expenses and thereby were systematically deprived of reasonably approximate reimbursements;

23. Plaintiff brings Count I as a collective action on behalf of himself and the following persons (the "Collective"):

> All current and former laborers employed by Defendant since the date three years preceding the filing of this Complaint.

24. Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representative of the following persons (the "IMWL Class"):

> All current and former laborers employed by Defendant in Illinois since the date three years preceding the filing of this Complaint.

25. Plaintiff brings Count III as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representative of the following persons (the "IWPCA

5

Class"):

> All current and former laborers employed by Defendant in Illinois since January 1, 2019.

26. The IMWL Class and IWPCA Class will be collectively referenced herein as "The Class."

27. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Class.

28. The Class satisfies the numerosity standard as it consists of hundreds of persons and, therefore, joinder of all Class members in a single action is impracticable.

29. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendant's actions include, without limitation:

> a. Whether Defendant failed to reasonably reimburse Class members for using their own vehicles to travel to, between, and from worksites during their shifts,
>
> b. Whether Defendant failed to keep accurate records of expenses in violation of Illinois law, and
>
> c. Whether Defendant failed to reimburse Plaintiff and the Class members for business expenses;

30. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

31. Plaintiff's claim is typical of those of the Class in that:

> a. Plaintiff and the Class have worked as laborers for Defendant;

6

b. Plaintiff and the Class traveled to, from, and between worksites using automobiles not owned or maintained by Defendant;

c. Plaintiff and the Class incurred costs for automobile expenses to travel, to, between, and from worksites during their shifts was incurred for the primary benefit of Defendant;

d. Plaintiff and the Class were subject to similar driving conditions, automobile expenses, and travel frequencies;

e. Plaintiff and the Class were subject to the same pay policies and practices of Defendant's;

f. Plaintiff and the Class were subject to the same reimbursement policy that systematically deprived laborers of reasonably approximate reimbursements;

g. Plaintiff and the Class were not reimbursed any amount of reasonable expense for their vehicle use in connection with traveling to, from, and between various worksites during their shifts.

h. Plaintiff and the Class were paid at or near Illinois minimum wage before deducting unreimbursed business expenses.

32. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the Class.

33. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

34. Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

35. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## V. LEGAL CLAIMS

### COUNT I
### Fair Labor Standards Act: Failure and/or Refusal to Pay Overtime
### On Behalf of the FLSA Collective

36. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

37. At all relevant times, Plaintiff and the Collective Members were compensated on an hourly basis.

38. At all relevant times, Plaintiff and the Collective Members regularly worked in excess of forty hours in a given workweek.

39. In or around March 2020, following the outbreak of the COVID-19 pandemic, the City of Chicago restricted coordinators from transporting laborers to, between, and from worksites during the laborers' shifts.

40. To perform their job duties for the City of Chicago, Plaintiff, and the Collective Members must travel to, from, and between work sites during their shifts.

8

41. Prior to the COVID-19 pandemic, coordinators transported Plaintiff and the Collective Members to, between, and from worksites during their shifts.

42. After the COVID-19 pandemic, Plaintiff and the Collective Members used non-City vehicles to transport to, between, and from worksites during their shifts. However, the City of Chicago did not reimburse the laborers for their travel expenses.

43. Under the FLSA, "if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." 29 C.F.R. § 531.35. The City of Chicago violated the FLSA by failing to adequately reimburse Plaintiff and the Collective Members for the internet, cell phone and equipment expenses necessary to perform their job duties for the City of Chicago.

44. As a result, the City of Chicago has intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA, 29 U.S.C. § 207.

45. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery.

46. The City of Chicago knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and the City of Chicago was aware of the FLSA's overtime requirements. As such, the City of Chicago's conduct constitutes a willful violation of the FLSA.

47. Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

### **Count II**
### **Violations of Illinois Minimum Wage Law**
### **820 ILCS §105/1 *et. seq.***
### **On behalf of the IMWL Class**

48. Plaintiff and the IMWL Class Members reassert and re-allege the allegations set forth above.

49. At all relevant times, Defendant has been and continues to be an "employer" within the meaning of Illinois Minimum Wage Law. 820 ILCS §105/3.

50. At all relevant times, Defendant has employed, and continues to employ, "employees", including Plaintiff, within the meaning of Illinois Wage Law 820 ILCS §105/3.

51. Plaintiff was an employee of Defendant within the meaning of Illinois Wage Law 820 ILCS §105/3.

52. Pursuant to Illinois Minimum Wage Law, the Defendant was required to pay Plaintiff and the IMWL Class Members all overtime wages, when due.

53. Defendant failed to pay Plaintiff and the IMWL Class Members reimbursements for travel expenses "as other amounts promised" and thus failed to comply with this statute and its accompanying administrative code. 820 ILCS §105/2 *et seq.*

54. The foregoing conduct, as alleged, constitutes willful violations of the Illinois Minimum Wage Act. *Id*.

55. As set forth above, the Plaintiff and the IMWL Class Members have sustained losses and lost compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff on behalf of himself and the IMWL Class Members, seeks damages in the amount of their unpaid earned overtime compensation, liquidated damages, plus interest at the legal rate set forth in the

Illinois Minimum Wage Act 820 ILCS §105/12, *et seq.* from the date each amount came due as provided by Illinois Minimum Wage Law.

56. As a result of the foregoing conduct, as alleged, Defendant has failed to pay overtime wages due under the IMWL, thereby violating, and continuing to violate, Illinois Minimum Wage Law. As described above, these violations were committed knowingly, willfully and with reckless disregard of applicable law. 820 ILCS §105/12.

57. Plaintiff, on behalf of himself and the IMWL Class Members, seeks to recover attorneys' fees as provided by the Illinois Minimum Wage Act. *Id*

### COUNT IV
### IWPCA
### Unreimbursed Expenses
### (On behalf of the IWPCA Class)

58. Plaintiff and the IWPCA Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

59. Under the IWPCA, "[a]n employer shall reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer." 820 ILCS 115/9.5(a).

60. Plaintiff and the IWPCA Class Members have incurred unreimbursed expenses related to their automobiles.

61. Defendant required Plaintiff and the IWPCA Class Members to provide automobiles during the course of their work as laborers.

62. Moreover, Plaintiff and the IWPCA Class Members are responsible for the cost or repair of their automobiles. Defendant requires Plaintiff and the IWPCA Class Members to solely bear the entire cost of such repairs.

63. Defendant did not reimburse Plaintiff and the IWPCA Class Members for their automobile expenses whatsoever.

64. Although at this stage, Plaintiff and the IWPCA Class Members are unable to state the exact amount owed, Plaintiff and the IWPCA Class Members believe that such information will become available during the course of discovery.

65. Defendant knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the IWPCA Class Members for such business expenses would violate the IWPCA, and Defendant was aware of the IWPCA's requirements. As such, Defendant's conduct constitutes a willful violation of the IWPCA.

66. Plaintiff and the IWPCA Class Members are therefore entitled to compensation for their unreimbursed automobile expenses, to be proven at trial, plus statutory damages, liquidated damages, and interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Ryland McKinney, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members,' and the Class Members' favor, and against Defendant:

A. For the Court to declare and find that the Defendant committed one or more of the following acts:

   i. willfully violated the minimum wage provisions of the FLSA, 29 U.S.C. § 207;

   ii. willfully violated the IMWL.

   iii. violated the provisions of the IWPCA.

B. For the Court to award damages in the amounts of all unpaid overtime due and owing to Plaintiff, the Collective Members and the Class Members;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award all statutory damages, interest, liquidated damages, penalties, attorney fees and costs owed to Plaintiff and the Class Members under the IMWL and IWPCA.

F. For the Court to award Plaintiff's and the Collective Members' liquidated damages and reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G. For the Court to provide a reasonable incentive award for Plaintiff to compensate him for the time she spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

H. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, the FLSA Collective, the IMWL Class, and the IWPCA Class hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: February 20, 2023

                                                  Respectfully submitted,

/s/ *Michael L. Fradin*
Michael L. Fradin, Esq. 6289502
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
SIMON LAW CO.
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 816-8696
Email: james@simonsayspay.com

13